UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Robert N. Kiani** ) | |
| *Plaintiff,* ) | |
| ) | **Civil Action No.** 17-2815 |
| **v.** ) | |
| ) | |
| **Elaine L. Choa, Secretary of Transportation.** ) | |
| *Defendant* ) | |
| ) | |
| _____ ) | |

## COMPLAINT

### I. JURISDICTION AND VENUE

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA") and Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. §794 (the "Rehabilitation Act").

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343 (3) and (4), which gives federal district courts jurisdiction over actions to secure federal civil rights.

3. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events that gave rise to this Complaint occurred in this district.

4. The Plaintiff has exhausted his administrative remedies.

### II. BACKGROUND

1. On October 21, 2015 and from February 8, 2016 until his constructive discharge on October 3, 2016, the Federal Aviation Administration (FAA), Department of Transportation, by his managers and supervisors, subjected the Plaintiff to dozens of incidents of harassment.[1]

2. On and after March 21, 2016 until his constructive discharge, the FAA by his managers and supervisors, subjected the disabled Plaintiff to dozens of incidents of retaliation for his protected EEOC activity of ongoing opposition to harassment, requesting the interactive process and reasonable accommodation on March 20, 2016, and opposition to retaliation.[2]

3. On or after March 20, 2016, FAA by the Plaintiff's managers and supervisors refused or failed to engage in the interactive process and to reasonably accommodate the Plaintiff. [3]

4. On October 3, 2016, FAA constructively discharged the Plaintiff.

---

[1] These incidents are detailed in the Plaintiff's EEOC Complaints, affidavits and Report of Investigation (ROI).
[2] These incidents are detailed in the Plaintiff's EEOC Complaints, affidavits and Report of Investigation (ROI).
[3] The facts related to FAA's refusal or failure to engage in the interactive process and reasonably accommodate the Plaintiff's disability are detailed in the Plaintiff's EEOC Complaints, affidavits and Report of Investigation (ROI).

## II. ALLEGATIONS

The above averments of background facts are incorporated herein.

### 1. Discrimination Based on Disability

The Plaintiff is a member of a protected class, suffered adverse employment actions (refusal or failure to engage in the interactive process and reasonably accommodate, constructive discharge) and the unfavorable actions give rise to an inference of discrimination. Even if the Agency meets its burden of articulating legitimate, nondiscriminatory reasons for their adverse actions, the Plaintiff can rebut the Agency's given reasons as false and pretexual.

### 2. Harassment Based on Disability

The Plaintiff is disabled and was subjected to unwelcome Agency harassment because of his disability. That harassment affected the terms, conditions, and privileges of Plaintiff's employment, creating a workplace permeated with intimidation, ridicule, and insults sufficiently severe or pervasive to create an work environment that a reasonable person would find hostile or abusive and which Plaintiff subjectively perceived as hostile and abusive. Even if the Agency meets its burden of articulating legitimate, nondiscriminatory reasons for its actions, the Plaintiff can rebut the Agency's reasons as false and pretexual.

### 3. Retaliation Based on Protected Activity

The Plaintiff engaged in statutorily protected activity, the Agency was aware of Plaintiff's protected activity, the Plaintiff suffered adverse employment actions; and there was a causal connection[4] between the protected activity and the adverse employment action. The Agency's adverse actions coerced, intimidated, threatened or interfered with the Plaintiff's exercise and enjoyment of his statutory rights under the ADA and Rehabilitation Act. Even if the Agency meets its burden of articulating legitimate, nondiscriminatory reasons for their adverse actions, the Plaintiff can rebut the Agency's reasons as false and pretexual.

## III. REMEDIES

1. Monetary damages consisting of backpay and interest from October 3, 2016 to the present.

2. Four times the amount of monetary damages in compensatory damages for physical illness and emotional distress arising from physical illness due to FAA harassment and retaliation.

3. Attorney's fees and costs at the Laffey Matrix Rate of the Plaintiff's Counsel.

---

[4] Causal evidence includes close temporal proximity between the protected activity and the many adverse actions.

 */S/   Glenn Stephens* **12/27/2017**
Glenn Stephens Ph.D., Esq.
Bar No. # 472780
Federal Employees Defense, LLC 1725
I Street NW, Suite 300
Washington, DC 20006
202-258-6521
Drghs3@gmail.com

## CERTIFICATE OF SERVICE

On December 27, 2017, a copy of the above was e-filed.


_/S/_ _Glenn Stephens_ **12/27/2017**
Glenn Stephens Ph.D., Esq.
Bar No. # 472780
Federal Employees Defense, LLC
1725 I Street NW, Suite 300
Washington, DC 20006
202-258-6521
drhghs@gmail.com