UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT N. Kiani )<br>    *Plaintiff,* )<br>v. )<br>)<br>ELAINE .L. CHAO, in her official capacity, )<br>Secretary of Transportation )<br>    *Defendant* )<br>_____ ) | Civil Action No.  17-cv-02815<br><br>Hon. Judge Amy Berman Jackson |

## PLAINTIFF'S SUPPLEMENT TO OPPOSITION TO EXTENSION

Defendant's counsel AUSA Schaefer claims his "very busy" case load warrants a motion to extend and leniency and forgiveness of his late filing an answer or other responsive pleading. It is Plaintiff's Counsel's experience that AUSAs supervised by Daniel Van Horn tend to file answers or responsive pleadings late as a matter of habit, and use heavy work loads as a pretext or excuse.

The close case statistics for 2018 of Van-Horn-supervised AUSAs who have been opposing counsels to Plaintiff's Counsel show that a "very busy case load" does not explain the variance in their timeliness numbers of percentages. See Ex. 1. Only one of the four AUSAs who closed as many or more cases than Schaefer in 2018 (Hendry 9%), had a lower timeliness percentage than Schaefer's 22%. Id. Even Haynes, who is pathologically late, had double the timeliness percentage of Schaefer. Excluding Schaefer, the AUSAs who closed 9 or more cases in 2018, averaged 68.7%. The notion that a busy case load explains the untimeliness of Hendry or Schaefer belies the facts.

The statistics support the Plaintiff's argument that Van Horn's AUSAs tend to be late. Even with "pack leaders" Walker (75%) and Sroka (72%) included, the timeliness percentage is 55.8%. But with anomalousWalker and Sroka excluded, the timeliness percentage of the other 4 AUSAs (Graham Oliver, Haynes, Hendry, and Schaefer) drops to 20%. With Schaefer just above at 22%.[1]

These facts prove that Schaefer's dog-ate-my-homework excuse for his tardiness fails.

---

[1] Plaintiff's Counsel hypothesizes that statistics from the Office's case tracking system (e.g., NexGen) would yield timeliness of +/- 33%.

1

The proof is in the statistical pudding served up by his coworkers Haynes, Sroka and Walker, who have case loads as busy as Schaefer's but a timeless percentage more than *triple* his. The issue isn't busy case loads, but Hendry's and Schaefer's lackadaisical handling of those loads.

Because Schaefer fails to show any good cause, either for his motion to extend or his to late file an answer or other responsive motion, his request for lenience and forgiveness should be denied. Like Frank Briggs, who Schaefer excoriated two days ago for being a day late, AUSA Schaefer has failed to justify his lateness in this case with any specificity. AUSA Schaefer admits that he knew of the looming deadline last Friday,[2] but provides no specific explanation as to why. Like Brigg's vague attempts to justify late-filing based on to his mother's collapse, Schaefer asks the court to be lenient and forgive his tardiness based on vagaries. His coworkers Walker and Sroka prove otherwise – a busy case load alone does not excuse Schaefer missing deadlines 78% of the time.

Finally, Schaefer provides no explanation for prioritizating of *Briggs* over this case. See Ex. 2. The Briggs case was dismissed on February 20, 2018. See *Briggs* ECF No. 17. Although Briggs filed a motion to reconsider on March 16, 2018,[3] he filed a Notice of Appeal on March 19, 2018.[4] Schaefer spent the middle of this week drafting his opposition to Briggs' reconsideration motion.

In his motion for leniency for deadlines in this case, Schaefer elides over why he prioritized his Opposition to Briggs' over filing an answer in this case. Schaefer had no choice – he missed the 14-day deadline for filing his opposition under LCrR 7(b). Schaefer admits Briggs timely filed on March 16, 2018 and his Opposition was filed on April 2, 2018 – 17 days later. To hide the fact that his answer is late in this case because his Briggs Opposition, Schaefer elided over the facts.

Both in Briggs and in this case Schaefer provides no good cause for his tardiness.

For these reasons, Schaefer's Motion to Extend should be denied.

---

[2] See ECF No. 7, p. 2.
[3] See *Briggs* ECF No. 17
[4] See Briggs ECF No. 18.

Respectfully Submitted,

**  /S/  *Glenn Stephens* 4/04/2018**
Glenn Stephens Ph.D., Esq. Bar No. # 472780
Federal Employees Defense, LLC
1725 I Street NW, Suite 300
Washington, DC 20006
202-258-6521
Drghs3@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2018, a true, correct copy of the above was e-filed.

   **/S/   *Glenn Stephens* 4/4/2018**
Glenn Stephens Ph.D., Esq.
Bar No. # 472780
Federal Employees Defense, LLC 1725 I Street NW, Suite 300
Washington, DC 20006
202-258-6521
Drghs3@gmail.com

# EXHIBIT 1

**Plaintiff's Table 1 – Answers or Other Timely Responses Van Horn Supervised AUSAs[1]**

| Assistant United States Attorney | # of Civil Cases Closed in 2018 | # and % of Civil Cases Closed in 2018 w/ Answer or Other Response in 60 Days | Title of Civil Cases Closed in 2018 with Answer or Other Response in 60 days |
|---|---|---|---|
| Graham Oliver[2] | 1 | 0 (0%) | |
| Haynes[3] | 9 | 4 (44%) | *Energy & Environment Legal Services v. HHS*<br>*Hong v. Sulkin*<br>*Fed. for American Immigration Reform v. HHS*<br>*Ricks v. Colvon* |
| Hendry[4] | 11 | 1 (9%) | *Energy & Environment Legal Services v. HHS* |
| Shaefer | 9 | 2 (22%) | *Judicial Watch v. Dep't State* (2) |
| Sroka[5] | 11 | 8 (72%) | *U.S. Right to Know et al. v EPA*<br>*Akpan v. Scialabba et al.*<br>*Wildearth Guardians v. Bureau of Land Management*<br>*Citizens for Responsibility and Ethics in Washington v. SBA*<br>*Chase v. U.S.*<br>*Roberts v. Sessions*<br>*Yanofky v. Commerce*<br>*Nayaba v. Aber* |
| Walker[6] | 12 | 9 (75%) | *West Anaheim Medical v. Price*<br>*Energy & Environment Legal Services v. HHS*<br>*Harris v. Fox*<br>*Evans v. Bureau of Prisons*<br>*Blake v. Bureau of Prisons*<br>*Citizens for Responsibility and Ethics in Washington v. DoJ*<br>*American Oversight v. EPA*<br>*Saunders v. Mills*<br>*Day v. Price* |
| **Totals** | 43 | 24 | 55.8% |
| **Totals w/o Walker, Sroka** | 30 | 6 | 20% |
| **Schaefer Totals** | 9 | 2 | 22.5% |
| **Totals ≥ 9 cases w/o Schaefer** | 32 | 22 | 68.5% |

1

---

[1] The AUSAs on this list consist of Van Horn supervised AUSAs in cases in which Stephens represented a Plaintiff.

[2] The ccases of AUSA Heather Graham Oliver that closed in 2018 consisted of *Competitive Enterprise Institute v. DoJ*.

[3] The civil ivil cases of AUSA Fred Haynes that closed in 2018 consisted of *Macias-Ochoa v. Dep't of State*, *Energy & Environment Legal Services v. HHS*, *Hong v. Shulkin*, *Federation for American Immigration Reform v. HHS*, *Hensley v. USA*, *Ricks v. Colvin*, *Braun v. OMB*, *E.G. v. Air Force*, *Hall & Associates v. EPA*.

[4] The civil cases of AUSA Melania Hendry that closed in 2018 consisted of *Taylor v. Architect of the Capitol*, *Vannier v. DoJ*, *Hinton v. Berryhill*, *Goddard v. Soc. Sec. Comm.*, *U.S. v. $42,900.00*, *Alsaid v. Dep't State*, *Redhorse v. SBA*, *St. Edward Mercy Med. Center v. Azar*, *Bruschi v. Soc. Sec. Comm.*; *Energy & Environment Legal Services v. HHS*, *Borda v. Ex. Office for USA*.

[5] The civil cases of AUSA Scott Sroka that closed in 2018 consisted of *U.S. Right to Know et al. v. EPA*, *Rudisill v. DoJ*, *Citizens for Responsibility and Ethics in Washington v. SBA*, *Chase v. U.S.*, *Roberts v. Sessions*, *Rojo-Vega v. I.C.E.*, *Yanofsky v. Commerce*, *Nabaya v. Aber*. He closed *Cooper v. US* but because that case was transferred from the Court of Federal Claims where the defendant was represented by another attorney, *Cooper v. U.S.* is not included in the above table.

[6] The civil cases of AUSA Johnny Walker that closed in 2018 consisted of *West Anaheim Medical v. Price*, *Energy & Envir. Legal Services v. HHS*, *Harris v. Fox*, *Evans v. BoP*, *Blake v. BoP*, *Citizens for Responsibility and Ethics in Wash. v. DoJ*, *Center for Public Integrity v. Customs and Border Protection*, *Rosenberry-Andrews v. James*, *American Oversight v. EPA*, *Saunders v. Mills*, *Disla v. I.C.E.*, *Day v. Price*.

# EXHIBIT 2

1:17-cv-00226-RCL BRIGGS v. HAYDEN et al
Royce C. Lamberth, presiding
Date filed: 02/01/2017
Date terminated: 02/20/2018
Date of last filing: 04/02/2018

# History

| Doc. No. | Dates | Description |
|---|---|---|
|  | Filed: 02/01/2017<br>Entered: 02/06/2017 | Summons Issued as to AUSA |
| 1 | Filed: 02/01/2017<br>Entered: 02/06/2017 | Complaint |
| 2 | Filed: 02/01/2017<br>Entered: 02/06/2017<br>Terminated: 02/24/2017 | Motion to Appoint Counsel |
| 3 | Filed & Entered: 02/24/2017 | Order on Motion to Appoint Counsel |
| 4 | Filed: 03/24/2017<br>Entered: 03/27/2017 | Summons Returned Executed as to Federal Defendant |
| 5 | Filed & Entered: 04/10/2017 | Notice of Appearance |
| 6 | Filed & Entered: 04/10/2017<br>Terminated: 02/20/2018 | Motion to Dismiss |
| 7 | Filed & Entered: 04/14/2017 | Clerk's Entry of Default |
|  | Filed & Entered: 04/17/2017 | Notice of Corrected Docket Entry |
| 8 | Filed: 04/18/2017<br>Entered: 04/19/2017 | Memorandum in Opposition |
| 9 | Filed: 04/18/2017<br>Entered: 04/19/2017<br>Terminated: 02/20/2018 | Motion to Amend/Correct |
| 10 | Filed: 04/24/2017<br>Entered: 04/25/2017<br>Terminated: 02/20/2018 | Motion to Amend/Correct |
| 11 | Filed & Entered: 04/25/2017 | Reply to opposition to Motion |
| 12 | Filed: 05/31/2017<br>Entered: 06/01/2017<br>Terminated: 02/20/2018 | Motion for Default Judgment |
| 13 | Filed: 05/31/2017<br>Entered: 06/01/2017<br>Terminated: 02/20/2018 | Motion for Extension of Time to File Response/Reply |
| 14 | Filed & Entered: 06/14/2017 | Memorandum in Opposition |
| 15 | Filed: 07/17/2017<br>Entered: 07/19/2017<br>Terminated: 02/20/2018 | Motion for Leave to File |
| 16 | Filed & Entered: 02/20/2018 | Order on Motion to Dismiss |
| 17 | Filed: 03/16/2018<br>Entered: 03/20/2018 | Motion for Reconsideration |
| 18 | Filed: 03/19/2018<br>Entered: 03/20/2018 | Notice of Appeal |
| 19 | Filed & Entered: 03/20/2018 | Transmission of Notice of Appeal and Docket Sheet to USCA |
| 20 | Filed & Entered: 04/02/2018 | Memorandum in Opposition |